UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DONTE SALLEY,

    Movant

v.                                       CIVIL ACTION NO. 2:09-1109
                                         (Criminal No. 2:07-00063-02)

UNITED STATES OF AMERICA,

    Respondent

MEMORANDUM OPINION AND ORDER

Pending is the motion of Donte Salley, pursuant to 28 U.S.C. § 2255, filed September 25, 2009.

On November 23, 2009, the Honorable Mary E. Stanley, United States Magistrate Judge, entered her proposed findings and recommendation ("PF&R") pursuant to 28 U.S.C. § 636.[1] The magistrate judge recommends that the motion be denied.

On April 3, 2007, movant was charged in an indictment with four separate counts of knowingly and intentionally

---

[1] The magistrate judge entered two PF&Rs, one in this action and one in a companion matter instituted by movant, civil action 2:09-1226. Subsequently, the magistrate judge ordered that civil action 2:09-1226 be dismissed as having been opened as the result of an administrative error. She further directed that all future documents relating to movant's section 2255 motion be filed in the underlying criminal case and herein. The court deems the PF&R filed in civil action 2:09-1226 as having been withdrawn.

distributing unstated quantities of cocaine base. On May 29, 2007, movant entered a guilty plea to Count Four of the indictment. On August 28, 2007, movant was sentenced to 135 months imprisonment, a three-year term of supervised release, and a $100 special assessment for having been convicted of a felony offense. On August 30, 2007, the Judgment was entered. Movant's conviction became final on September 13, 2007.

On December 11, 2009, movant objected. He appears to assert that the applicable one-year limitation period should be equitably tolled. He contends that he requested appointed counsel in his criminal case to file a section 2255 motion but received no response. He further asserts that he was unaware of the one-year limitation period and should hence not be bound by it under the circumstances. The contention has met with little success in this circuit or elsewhere, even when counsel errs in an active, as opposed to passive, way. See, e.g., Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000) (addressing a section 2254 petition) ("In short, a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."); Barbara J. Van Arsdale, Problems Concerning Counsel or Lack Thereof as Grounds for Equitable

2

Tolling of One-Year Limitations Period Established in Antiterrorism and Effective Death Penalty Act for Writ of Habeas Corpus Sought by Person in Custody Pursuant to Judgment of State Court (28 U.S.C.A. § 2244(d)(1)), 17 A.L.R. Fed. 397 § 2 (Elec. ed. 2010) ("The basic position take[n] by the courts is that, as a general matter, errors on the part of the petitioner's attorney do not warrant equitable tolling of [the] AEDPA's limitation period . . . ."); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's first three contentions are variations on the same theme -- that he did not understand how the statute of limitations operated in his case. But, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.").

The court does not deem this general approach, adverse as it is to movant's position, to have been altered in any way by the Supreme Court's decision two weeks ago in Holland v. Florida, No. 09-5327, 2010 WL 2346549 (June 14, 2010). The decision in Holland involved a petitioner seeking to overcome the AEDPA limitations bar based upon equitable tolling in light of his lawyer's unprofessional and derelict misconduct. The Supreme Court first noted the high standard imposed upon those seeking to equitably toll the applicable limitations period, namely, a showing that the petitioner "'(1) . . . has been pursuing his

3

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 12 (citations omitted).

There are numerous elements that distinguish the facts in Holland from the circumstances here. First, the defaulting lawyer in Holland was appointed for the express purpose of assisting petitioner with his efforts to secure postconviction relief. Second, the Supreme Court's factual summary suffices, without more, to separate movant's broad and unsupported allegations of lawyer negligence from the extraordinary failings present in Holland:

> Here, [attorney] Collins failed to file [petitioner] Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

Id. at *14.[2] Based upon the foregoing, the court concludes that

---

[2] The petitioner in Holland filed his untimely petition just five weeks after the limitation period expired. By comparison, movant waited over one year beyond the statute having run. The petitioner in Holland also undertook additional diligent steps apparently absent here:

(continued...)

petitioner has failed to demonstrate grounds sufficient to warrant equitable tolling.

Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation. It is ORDERED that movant's section 2255 motion be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: July 2, 2010

John T. Copenhaver, Jr.
United States District Judge

---

²(...continued)
Here, Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins -- the central impediment to the pursuit of his legal remedy -- removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

Id. at *14.